United States District Court

Eastern District of Louisiana

DiLeo

v.                                          CIVIL ACTION NO. 2:00-cv-00101 S (2)

Liberty Mtl Ins Co


    The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

    Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

    (1) A list of all parties still remaining in this action;

    (2) Copies of all pleadings, including answers, filed by those parties in state court; and

    (3) Copies of the return on service of process on those parties filed in state court.

    New Orleans, Louisiana, January 12, 2000.

                                        By Direction of the Court

                                        LORETTA G. WHYTE, CLERK



## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DR. VINCENT DILEO | * | NO. **00-0101** |
| VS. | * | |
| LIBERTY MUTUAL INSURANCE COMPANY | * | SECT. S MAG. 2 |

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes defendant, **Liberty Mutual Insurance Company ("Liberty Mutual"),** which pursuant to 28 U.S.C §§ 1441 and 1446, respectfully files this Notice of Removal. In support of this removal, Liberty Mutual asserts the following:

1.

On or about December 15, 1999, plaintiff filed a Supplemental and Amending Petition in this matter in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana which is now pending therein bearing suit number 542,207 "B", which sought class relief pursuant to the class action procedures contained in La. Code Civ. Proc. art. 591, *et. seq* and alleged penalties and attorney's fees awardable under the Louisiana Insurance Code. Prior to the filing of the Supplemental and Amending petition, petitioner, Vincent Dileo, had only pursued

claims against Liberty Mutual individually and on his sole behalf.

2.

This Notice of Removal is being filed within thirty (30) days after the receipt, through service or otherwise, of a copy of the supplemental and amended petition from which it was first ascertained that the case is one which is or has become removable to federal court. Liberty Mutual was served with the Supplemental and Amending Petition on or about December 28, 1999.

3.

This suit is being removed less than one year after commencement of this action in state court.

4.

Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Louisiana is the district and division within which the above described state court suit is pending.

5.

This court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because this action is between citizens of different states and the amount in controversy exceeds SEVENTY FIVE THOUSAND DOLLARS ($75,000), exclusive of costs and interests.

6.

Plaintiff, upon information and belief, is a domiciliary, and therefore a citizen of the State of Louisiana. Liberty Mutual is a corporation incorporated in the State of Massachusetts with its principal place of business in Massachusetts.

7.

No defendant, properly joined and served, is a citizen of the State of Louisiana.

8.

Remover reasonably believes and avers that the amount in controversy in the above entitled action, exclusive of interest and costs, will exceed the jurisdictional amount of SEVENTY FIVE THOUSAND DOLLARS ($75,000) set forth in 28 U.S.C. § 1332 and incorporated in 28 U.S.C. § 1441(a) which allows removal of state court suits to federal court. Plaintiff has sought recovery class attorney's fees pursuant to La. R.S. 22:658 and, although Liberty Mutual contests and denies that a class should be awarded attorney's fees in this matter, the request for class attorney's may exceed the amount of $75,000, thus satisfying the amount in controversy requirement of 28 U.S.C. § 1332 and § 1441 because attorney's fees under such circumstances are attributed to the claim of the class representative.  *In Re Abbott Laboratories*, 51 F.3d 524 (5th Cir. 1995). In class certification papers filed in state court, plaintiff alleges that the potential class consists of hundreds of thousands of persons.

9.

All defendants properly joined and served, join in this Notice of Removal.

10.

A copy of the state court's suit record is attached to this Notice of Removal as Exhibit "A".

**WHEREFORE, Liberty Mutual Insurance Company** prays that this Notice of Removal be accepted by this Honorable Court as good and sufficient and that this Court will enter such orders as may be proper in the premises dated this ___14___ day of January, 2000.

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.

By: _____
W. Shelby McKenzie, No. 10020
David M. Bienvenu, Jr., No. 20700
451 Florida Street, 8th Floor
P. O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221
Facsimile:   (225) 346-8049

Attorneys for Liberty Mutual Insurance Company

- CERTIFICATE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to all counsel of record to:

David J. Maraldo
4051 Veterans Blvd. Suite 208
Metairie, LA 70002

Richard C. Trahant
2955 Ridgelake Drive, Suite 112
Metairie, LA 70002

Baton Rouge, Louisiana, this ____ day of January, 2000.

_____
David M. Bienvenu, Jr.