FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 SEP 15 AM 11:03

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DR. VINCENT DILEO, JR., | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | NO. 00-0101 |
| | § | |
| VS. | § | SECTION: "S" (2) |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | UNITED STATES DISTRICT |
| COMPANY, | § | JUDGE MARY ANN VIAL LEMMON |
| | § | |
| Defendant. | § | MAGISTRATE JOSEPH C. WILKINSON, JR. |

**CONFIDENTIALITY ORDER**

All parties having jointly moved for entry of this STIPULATED ORDER, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and insure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under FED.R.CIV.P. 26(c) and with the agreement of the parties, ORDERED:

1. **DEFINITIONS.**

    (a)   For purposes of this order, a "confidential document" means any document which bears the legend (or is otherwise designated in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to signify that it contains information believed to be subject to protection under FED.R.CIV.P. 26(c)(7).

DATE OF ENTRY
SEP 1 5 2000

1

(b)     For purposes of this order, "confidential information" means the portion of the information set forth in a "confidential document" that is believed to be subject to protection under FED.R.CIV.P. 26(c)(7) and any information set forth in a deposition that is believed to be subject to protection under FED.R.CIV.P. 26(c)(7) and timely designated as such pursuant to Paragraph 6(b), below.

(c)     For purposes of this order, the term "document" means any written, recorded, or graphic material, including any such material stored or contained in any computer disks, diskettes, tapes, programs, cards, memory cards, other computer media, computer runs, magnetic or other memory components of computers, e-mail or electronic mail systems, photographic materials or negatives, x-rays, video or audio tapes, microfilm, microfiche and any other form or means of recording information which can be reduced to print, whether produced or created by a party or another person and whether produced pursuant to FED.R.CIV.P. 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote materials entitled to protection shall be accorded status as confidential documents.

(d)     For purposes of this order, the term "this litigation" means this Civil Action No. 00-0101.

2.   **DESIGNATION OF CONFIDENTIAL DOCUMENTS AND INFORMATION.**

(a)     Any party who seeks to designate as confidential any document(s) it produces in this litigation shall so designate such document before production by stamping such document(s) with the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or by noting such designation in a similar way that will bring such designation to the attention of a reasonable examiner.

(b)     Consistent with the requirements of FED.R.CIV.P. 26(g) regarding the signing of discovery requests, responses, and objections, the designation of any document or information as confidential by a party pursuant to paragraph 2(a) or paragraph 6(b) shall

constitute a certification by the attorneys for such party that, to the best of the knowledge of such attorneys, formed after a reasonable inquiry, the designation is:

> (1)   consistent with FED.R.CIV.P. 26(c)(7) and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
>
> (2)   not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
>
> (3)   not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

If, without substantial justification, a party makes a designation in violation of this paragraph, the Court, upon motion or upon its own initiative, shall impose upon the party who made the designation an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including reasonable attorneys' fees.

3.   **NON-DISCLOSURE OF CONFIDENTIAL DOCUMENTS.** *Except with the prior written consent of the party originally designating the document or information as confidential, or as hereinafter provided under this order, no confidential document or confidential information may be disclosed to any person other than the person who originally produced it in this litigation.*

4.   **PERMISSIBLE DISCLOSURES.** Notwithstanding paragraph 3, any confidential document or information may be disclosed:

> (a)   to any attorney representing or assisting in the representation of any of the parties in this litigation, including an in-house attorney, and to any partner, associate, secretary, paralegal assistant, or employee of such an attorney;
>
> (b)   to any party to this litigation;
>
> (c)   to any person identified in any party's disclosures or interrogatory answers as being a person with knowledge of relevant facts;
>
> (d)   to any person noticed for a deposition or designated as a trial witness;
>
> (e)   to any testifying or consulting expert retained for the purposes of assisting counsel in the litigation;

3

    (f) to any person(s) shown on the face of such document to be its author or recipient;

    (g) to any person(s) shown on the face of such document to have prior knowledge of the confidential information contained therein;

    (h) to any court official involved in this litigation (including any court reporter, any person operating video recording equipment at a deposition, and any Special Master or Magistrate appointed by the Court); and

    (i) to any other person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

  5. **DECLASSIFICATION.** A party may move the Court for an order that a document (or category of documents) or information designated as confidential is not entitled to such status and protection. The party who designated the document or information as confidential shall be given notice of the motion and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

  6. **CONFIDENTIAL INFORMATION IN DEPOSITIONS.**

    (a) Subject to the provisions of the Federal Rules of Civil Procedure, a deponent may be examined about any confidential document(s). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about any confidential document(s). *Except as provided in this order, a deponent who is not a party or a representative of a party shall not (1) retain a copy of any confidential document that he or she (or an entity he or she represents) did not produce in this litigation or (2) disclose to any person any confidential document(s) disclosed to such deponent in the course of or in preparation for his or her deposition or other testimony.*

    (b) At a deposition or within 5 days after the court reporter's distribution of copies of the transcript thereof, any party to this litigation may designate pages of the transcript and/or exhibits thereto as confidential. Such designation shall be made orally on the record of the deposition or by serving on each party (and the deponent if the deponent is not a party) a

4

letter identifying such confidential information by page and line number of and/or by exhibit number to the deposition transcript. Unless and until a party or deponent timely designates pages of or exhibits to a deposition transcript confidential, then the entire transcript and all exhibits thereto not previously designated as confidential shall be deemed not to be confidential.

7. **CONFIDENTIAL INFORMATION AT TRIAL.** Subject to the Federal Rules of Evidence, confidential documents and confidential information may be offered in evidence at trial or at any hearing. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such evidence at the trial.

8. **SUBPOENA BY OTHER COURTS OR AGENCIES.** If another court or an administrative agency subpoenas or orders production of confidential document(s) or information which a party has obtained under the terms of this order, such party shall promptly notify the party who designated the document(s) or information as confidential of the pendency of such subpoena or order. *[handwritten: accompanied by a motion and order that the documents be]*

9. **FILING.** Any confidential documents filed with the Court shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as confidential documents.

10. **CLIENT CONSULTATION.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on counsel's examination of confidential documents and information.

11. ***USE.** Persons obtaining access to confidential documents or information under this order shall use such documents and information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such documents or information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.*

5

12. **NON-TERMINATION.** The provisions of this order shall not terminate at the conclusion of this litigation or upon its transfer, if any, to another forum pursuant to an order of this Court.

13. **MODIFICATION PERMITTED.** Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

14. **RESPONSIBILITY OF ATTORNEYS.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of confidential information, confidential documents, and copies thereof. *Except for working copies made by or at the express direction of counsel to be used solely in connection with this litigation and copies to be filed in court under seal, no copies of any confidential document or any confidential information contained therein shall be made by anyone other than the party or non-party who originally produced such document.*

Signed: 9-15-00

UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM AND CONTENT:**

*[signature]*

W. Shelby McKenzie, No. 10020
David M. Bienvenu, Jr., No. 20700
TAYLOR, PORTER, BROOKS
& PHILLIPS, L.L.P.
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049

Robert C. Walters
Russell Yager
Keefe M. Bernstein
VINSON & ELKINS L.L.P.
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 220-7700
Telecopy: (214) 999-7716

*Attorneys for Defendant Liberty Mutual Insurance Company*

*[signature]*

Keith P. Richards, Bar No. 22564
RICHARDS LAW FIRM, a P.L.C.
521 Europe Street
Baton Rouge, Louisiana 70802
Telephone: (225) 334-9222
Facsimile: (225) 334-9290

Edward J. Walters, Jr., Bar No. 13214
Steven C. Thompson, Bar No. 14469
MOORE, WALTERS & THOMPSON, a P.L.C.
6513 Perkins Road
Baton Rouge, Louisiana 70808
Telephone: (225) 766-1100
Facsimile: (225) 767-4486

Richard C. Trahant, Bar No. 22653
Law Offices of Richard C. Trahant
808 North Causeway Boulevard
Metairie, Louisiana 70001
Telephone: (504) 831-4357
Facsimile: (504) 833-1329

Wendell H. Gauthier, Bar No. 5984
Scott LaBarre, Bar No. 17659
GAUTHIER, DOWNING, LABARRE,
BEISER & DEAN
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624

David J. Maraldo, Bar No. 24541
DAVID J. MARALDO, a P.L.C.
4051 Veterans Blvd., Suite 208
Metairie, Louisiana 70002
Telephone: (504) 454-2769
Facsimile: (504) 454-3855

*Attorneys for Plaintiff Dr. Vincent Dileo, Jr.*