

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
OCT 2 0 2000
2000 OCT 20 PM 4:41
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DR. VINCENT DILEO, JR., | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | NO. 00-0101 |
| | § | |
| VS. | § | SECTION: "S" (2) |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | UNITED STATES DISTRICT |
| COMPANY, | § | JUDGE MARY ANN VIAL LEMMON |
| | § | |
| Defendant. | § | MAGISTRATE JOSEPH C. WILKINSON, JR. |

**DEFENDANT'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendant Liberty Mutual Insurance Company ("Liberty") respectfully moves for leave to file its second amended answer, a copy of which is attached hereto as Exhibit A. For the reasons stated in the accompanying Memorandum of Points and Authorities in Support of Defendants' Motion for Leave to File Its Second Amended Answer, the Court should grant this motion.

DATE OF ENTRY
OCT 2 4 2000

Respectfully submitted,

*[signature]*

W. Shelby McKenzie, No. 10020
David M. Bienvenu, Jr., No. 20700
TAYLOR, PORTER, BROOKS
& PHILLIPS, L.L.P.
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049

Robert C. Walters
Russell Yager
Keefe M. Bernstein
VINSON & ELKINS L.L.P.
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 220-7700
Telecopy: (214) 999-7716

*Attorneys for Defendant Liberty Mutual Insurance Company*

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 6, 2000, I conferred with Steven C. Thompson, Esq., one of the attorneys for Plaintiff Vincent DiLeo, Jr., regarding the relief sought by the foregoing motion. Mr. Thompson stated that Plaintiff opposes the motion and the relief sought. Accordingly, Defendant repectfully presents the motion to the Court for resolution.

_____
Russell Yager

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of October, 2000, I caused a true and correct copy of DEFENDANTS' MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER AND ORIGINAL COUNTERCLAIM motion to be served on the following counsel by first-class mail:

Keith P. Richards, Bar No. 22564
RICHARDS LAW FIRM, APLC
521 Europe Street
Baton Rouge, Louisiana 70802
Telephone: (225) 334-9222
Facsimile: (225) 334-9290

Steven C. Thompson, Bar No. 14469
MOORE, WALTERS & THOMPSON,
A PROFESSIONAL CORPORATION
6513 Perkins Road
Baton Rouge, Louisiana 70808
Telephone: (225)766-1100
Facsimile: (225) 767-4486

Richard C. Trahant, Bar No. 22653
808 North Causeway Boulevard
Metairie, Louisiana 70001
Telephone: (504) 831-4357
Facsimile: (504) 833-1329

Scott LaBarre, Bar No. 17659
GAUTHIER, DOWNING, LABARRE,
BEISER & DEAN
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624

David J. Maraldo, Bar No. 24541
DAVID J. MARALDO,
A PROFESSIONAL LAW CORPORATION
4051 Veterans Blvd., Suite 208
Metairie, Louisiana 70002
Telephone: (504) 454-2769
Facsimile: (504) 454-3855

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DR. VINCENT DILEO, JR., | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | NO. 00-0101 |
| | § | |
| VS. | § | SECTION: "S" (2) |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | UNITED STATES DISTRICT |
| COMPANY, | § | JUDGE MARY ANN VIAL LEMMON |
| | § | |
| Defendant. | § | MAGISTRATE JOSEPH C. WILKINSON, JR. |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER**

Federal Rule of Civil Procedure 15(a) directs that leave to amend "shall be freely given when justice so requires." Thus, Rule 15(a) creates a strong bias in favor of granting parties leave to amend their pleadings. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)). "[U]nless there

1

is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy*, 660 F.2d at 598.

Moreover, to show "substantial reasons" justifying the denial of a motion for leave to amend, the party opposing the motion must show undue delay, dilatory motive or bad faith, a repeated failure to cure defects by previous amendments, futility, and/or undue prejudice. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982); *Dussouy*, 660 F.2d at 598.

In this case, Plaintiff Vincent DiLeo, Jr. ("DiLeo") cannot show any of these things. Accordingly, and for the reasons stated below, the Court should grant the motion of Defendant Liberty Mutual Insurance Company ("Liberty") for leave to file its Second Amended Answer.[1]

### 1)    No Undue Delay

A party opposing an amendment on the basis of delay must show that such delay is "undue" or, in other words, that the delay caused prejudice. *Dussouy*, 660 F.2d at 598-99; *see also Nance v. Gulf Oil Corp.*, 817 F.2d 1176, 1179-80 (5th Cir. 1987); *Becker v. Computer Sciences Corp.*, 541 F.Supp. 694, 698 (S.D. Tex. 1982). The "mere passage of time" does not preclude amendment. *Dussouy*, 660 F.2d at 598. Accordingly, an "[a]mendment can be appropriate as late as trial or even after trial." *Dussouy*, 660 F.2d at

---

[1] Moreover, even if DiLeo could show substantial reason for denying Liberty leave to amend, the prejudice to Liberty from denying such leave would overcome that reason and necessitate an order granting leave. *See Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (even if court finds substantial reason to deny leave to amend, prejudice to movant still must be considered).

598; *see also Nance*, 817 F.2d at 1179-80 (upholding pleading amendment accepted by lower court on the day of trial and approximately one year after suit was filed); *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding lower court abused its discretion when it denied a party leave to amend one month before trial).

Clearly, there has been no prejudicial delay in this case. As the Court might recall, this case lay dormant for several months after its removal from state court on January 11, 2000, as the Supreme Court considered the Fifth Circuit's decision in the *Abbott Laboratories* case. *See* Order (entered Apr. 7, 2000) (denying DiLeo's motion to remand without prejudice). As a result of that delay, which resulted from DiLeo's strategic choice to try to send this case back to state court, the Court did not issue a Preliminary Conference Notice until May 12, 2000, the parties did not meet and confer regarding scheduling issues until June 8, 2000, and the Court did not enter its first Rule 16 Scheduling Order until July 13, 2000. *See* Preliminary Conference Notice (issued May 12, 2000); *see also* Rule 16 Scheduling Order (entered Jul. 13, 2000). And, as recently as October 6, 2000, DiLeo agreed to extend most of the deadlines in the Court's original Rule 16 Scheduling Order, including the deadline for motions to amend pleadings. *See* Amended Rule 16 Scheduling Order (entered Oct. 11, 2000).

Moreover, even the Amended Rule 16 Scheduling Order does not set a trial date. Rather, it establishes a schedule for class discovery and consideration of DiLeo's motion for class certification. *See id.* Further, the January 12, 2001, deadline for completing fact

discovery regarding class-certification issues is still months away. *See id.* Thus, even though this case is more than a year old, it remains an infant, and Liberty's motion for leave to amend clearly should not be denied on grounds of undue delay.

### 2)    No Bad Faith or Dilatory Motive

A party opposing an amendment on grounds of bad faith or dilatory motive must show that leave to amend is sought purely as a "tactical maneuver." *Dussouy*, 660 F.2d at 599. For example, in the case "where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate." *Dussouy*, 660 F.2d at 599. Where the failure to include "a known theory of the case arises not from an attempt to gain tactical advantages but from a reasonable belief that the theory is unnecessary to the case, denial of leave to amend is inappropriate." *Id.*

Liberty's request to amend it answer is no mere "tactical maneuver." Instead, Liberty seeks to revise its answer because further investigation since Liberty filed its First Supplemental and Amending Answer in state court on December 15, 1999, has revealed three inaccuracies in that pleading.

Liberty's First Supplemental and Amending Answer states, among other things:

1.

> Liberty Mutual admits that the NADA value of plaintiff's automobile at the time of loss was $13,700 and admits that it owes plaintiff the sum of $13,700 minus the policy's deductible of $500. . . .

4

2.

> Liberty Mutual admits that its failure to tender the above amount within 30 or 60 days after satisfactory proof of loss was without probable cause. . . .

Further investigation since the filing of that pleading on December 15, 1999, has revealed that these statements are wrong for at least three reasons.

First, the sole Defendant in this case, Liberty Mutual Insurance Company, owed DiLeo no duty to tender any sum under the policy insuring DiLeo's allegedly stolen automobile, because the policy insuring that vehicle was issued by a distinct insurance company that DiLeo has not sued: Liberty Mutual *Fire* Insurance Company ("Liberty Fire"). Although Defendant Liberty and non-party Liberty Fire are members of a related group of insurance companies called the Liberty Mutual Group, Liberty Fire is a distinct legal entity. In short, DiLeo has sued the wrong entity, and justice demands that Liberty be allowed to amend its answer to deny any liability to DiLeo.

Second, further investigation into the circumstances of the alleged theft of DiLeo's vehicle has caused Liberty to doubt DiLeo's representations that the vehicle was stolen. In particular, investigation by an expert document examiner has revealed that DiLeo actually signed a Power of Attorney authorizing the alleged perpetrator of the purported theft to sell the vehicle on DiLeo's behalf.[2] Although it might well be that the alleged perpetrator stole

---

[2] A copy of an affidavit by Liberty's expert document examiner, Robert G. Foley, is attached hereto as Exhibit 1.

5

the *proceeds* of an authorized and lawful sale of the vehicle in question, Liberty's further investigation of the facts since the filing of its First Supplemental and Amending Answer in December 1999 belies DiLeo's claim that the *vehicle* itself was stolen. This investigation reveals that even the proper defendant, Liberty Fire, has a complete defense to coverage and thus no liability to DiLeo, whether under the policy, under La. R.S 22:658, or under La. R.S. 22:1220. Thus, even if DiLeo had sued the correct insurance company (which he has not), justice would demand that the company be allowed to amend its answer to deny any such liability.

Third, further investigation into the governing law has revealed that the Commissioner of Insurance of the State of Louisiana has forbidden insurance companies from relying on NADA and other "blue book" values to establish the values of total loss vehicles. Specifically, the Commissioner has stated:

> It has come to my attention that certain insurance companies writing vehicle insurance are adjusting automobile total losses solely on the basis of values published by trade organizations. Further, certain adjusters have represented to claimants and insureds that the so-called "Blue Books" are the final arbiter of values of used cars.
>
> Under Louisiana law and the automobile policy contract, the measure of damages where the amount of damages exceeds the value of the automobile is the value of the automobile at the time of loss. While published values of used cars may be a helpful tool in determining a settlement value, the automobile insurance company is obligated to determine the actual value of the particular car involved in the loss. Average values do not apply to particular cases. The ultimate answer must be determined by the actual market value of the particular automobile involved in the area where it is garaged. Where a dispute arises over the value of the automobile, the company must use

all available sources of information over and above the published values to attempt to determine the actual market value.

All companies are hereby directed to comply with the above directive and shall advise all of their claim personnel and independent adjusters to report the details of the determination of the actual cash value of automobile total loss settlements.

*See* Directive 18 of the Commissioner of Insurance of the State of Louisiana (dated Jan. 10, 1974).[3] Thus, even if DiLeo had sued the correct insurance company (which he has not) and even if DiLeo's apparent loss of the *proceeds* of the sale of his vehicle were covered by his policy (which it is not), justice would demand that an amendment be allowed to deny any liability to DiLeo for failing to tender the NADA "blue book" value of his vehicle.

3)   **No Futility**

When a court denies an amendment based on futility, "the court is usually denying leave because the theory prosecuted in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Jamieson*, 772 F.2d at 1208. Neither of these situations is present here. Accordingly, Liberty's motion for leave to amend clearly should not be denied on futility grounds.

---

[3] A copy of Directive 18 is attached hereto as Exhibit 2.

7

### 4) No Repeated Attempts to Cure Past Deficiencies

An amendment arising out of a changed theory of the case cannot be characterized as a repeated attempt to cure a deficiency. *Dussouy*, 660 F.2d at 599. Moreover, *Dussouy* suggests that, in any event, two amendments should not raise concern. *Id.* Likewise, an amendment based on newly discovered facts cannot constitute a repeated failure to cure. *Carson*, 689 F.2d at 584. Accordingly, the proposed amendment — Liberty's second in this action and its first since DiLeo converted this case from an individual to a class action by filing his first Supplemental and Amended Petition — should not be denied on this basis.

### 5) No Prejudice

For leave to be denied on the basis of prejudice to the non-moving party, the prejudice must be flagrant. *Carson*, 689 F.2d at 584. The mere fact that the amended answer will complicate trial or make the plaintiff's preparations more difficult will not justify denying leave to amend. *Becker*, 541 F.Supp. at 698-99.

The high bar for denying leave on the basis of prejudice is illustrated by *Spartan Grain & Mill Company v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975). In that case, the Fifth Circuit held that the lower court had abused its discretion by denying the defendant leave to amend its answer to add a counterclaim sixteen months after its original answer and two months prior to trial. *Id.* The Fifth Circuit stated that the plaintiff would not be prejudiced by the amendment, noting that the trial would not have to be delayed for additional discovery. *Id.*; *see also Foman*, 371 U.S. at 182, 83 S.Ct. at 230 (holding no prejudice in

granting leave to amend after judgment to state an alternate theory of recovery); *Nance*, 817 F.2d at 1179 (holding opposing party failed to articulate prejudice suffered from pleading amendment it received one week before trial and one year after plaintiff filed suit); *Carson*, 689 F.2d at 584 (finding no prejudice in granting leave to amend one month prior to initial trial where no pretrial order had been entered or pretrial conference held); *Dussouy*, 660 F.2d at 599 (allowing leave to amend after entry of dismissal where amended pleading would not require duplicative discovery).

In this case, the January 12, 2001, deadline for class-certification discovery is still months in the future. *See* Amended Rule 16 Scheduling Order (entered Oct. 11, 2000). Merits discovery has not even begun, and the Court has not set – or even been requested to set – a trial date. *See id.* Indeed, DiLeo has not even sued the proper defendant. *See supra* at 4. Therefore, granting Liberty leave to amend its answer will not unfairly prejudice DiLeo.

WHEREFORE, Defendant Liberty Mutual Insurance Company respectfully requests that its Motion for Leave to Amend Answer be granted.

Respectfully submitted,

*[signature]*

W. Shelby McKenzie, No. 10020
David M. Bienvenu, Jr., No. 20700
TAYLOR, PORTER, BROOKS
& PHILLIPS, L.L.P.
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049

Robert C. Walters
Russell Yager
Keefe M. Bernstein
VINSON & ELKINS L.L.P.
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 220-7700
Telecopy: (214) 999-7716

*Attorneys for Defendant Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 20th day of October, 2000, I caused a true and correct copy of Defendant's Memorandum of Points and Authorities in Support of its Motion for Leave to Amend Answer to be served on the following counsel by first-class mail:

Keith P. Richards, Bar No. 22564
RICHARDS LAW FIRM, APLC
521 Europe Street
Baton Rouge, Louisiana 70802
Telephone: (225) 334-9222
Facsimile: (225) 334-9290

Steven C. Thompson, Bar No. 14469
MOORE, WALTERS & THOMPSON,
A PROFESSIONAL CORPORATION
6513 Perkins Road
Baton Rouge, Louisiana 70808
Telephone: (225)766-1100
Facsimile: (225) 767-4486

Richard C. Trahant, Bar No. 22653
808 North Causeway Boulevard
Metairie, Louisiana 70001
Telephone: (504) 831-4357
Facsimile: (504) 833-1329

Scott LaBarre, Bar No. 17659
GAUTHIER, DOWNING, LABARRE,
BEISER & DEAN
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624

David J. Maraldo, Bar No. 24541
DAVID J. MARALDO,
A PROFESSIONAL LAW CORPORATION
4051 Veterans Blvd., Suite 208
Metairie, Louisiana 70002
Telephone: (504) 454-2769
Facsimile: (504) 454-3855

_____

Dallas 389291 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DR. VINCENT DILEO | * | NO. 00-0101 SECTION "S" |
| | * | |
| VS. | * | MAGISTRATE 2 |
| | * | |
| LIBERTY MUTUAL INSURANCE COMPANY | * | |

**ORDER**

Defendant's Motion for Leave to File Its Second Amended Answer: will be determined on the Court's November 15, 2000 motion docket without oral argument. Written opposition, if any, must be filed no later than November 7, 2000.*

This 24 day of Oct., 2000 at New Orleans, Louisiana.

UNITED STATES MAGISTRATE JUDGE

* In the future, you must comply with Local Rule 7.2 E or your motions will be denied.