*FILED*
*U.S. DISTRICT COURT*
*EASTERN DISTRICT OF LA*

*2001 JAN 25 AM 8: 51*

*LORETTA G. WHYTE*
*CLERK*

MINUTE ENTRY
WILKINSON, M.J.
JANUARY 24, 2001

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. VINCENT DILEO, JR. | CIVIL ACTION |
| VERSUS | NO. 00-101 |
| LIBERTY MUTUAL INS. CO. | SECTION "S" (2) |

### HEARING ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Plaintiff's Motion for Leave to File Amended Complaint for Class Certification and for Damages

O R D E R E D:

__XXX__ : GRANTED: The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit denial of leave to amend "unless there is a substantial reason" to do so. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981). Thus, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or

DATE OF ENTRY
JAN 2 5 2001

Fee_____
Process____
X Dktd_____
__CtRmDep__
Doc.No.____

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id. The party seeking to amend bears the burden of showing that delay in bringing the amendment was due to oversight, inadvertence or excusable neglect. Parish v. Frazier, 195 F.3d 761 (5th Cir. 1999). In addition, where -- as here -- the Court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 15, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).

      Balancing these factors in this case weighs in favor of granting the motion. I cannot conclude that plaintiff has delayed unduly in asserting this amendment and I must conclude that good cause for permitting the amendment exists in light of the manner in which defendant has pleaded the case and responded to past discovery and in view of the corporate relationship between the current defendant and the proposed additional defendant. In addition, I cannot conclude on the current record that the proposed amendment would be futile. It appears that the arguments defendant presents in support of its assertion that the amendment is futile are better resolved on dispositive motion or in connection with the motions for summary judgment and to strike already pending before the district judge. No trial date has yet been set. Any prejudice that might occur to defendant in connection with the current schedule for class certification hearing can be cured by extending and/or otherwise modifying the existing schedule.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE