FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 22 PM 4: 17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DR. VINCENT DILEO, JR., | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | NO. 00-0101 |
| | § | |
| VS. | § | SECTION: "S" (2) |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | UNITED STATES DISTRICT |
| COMPANY, | § | JUDGE MARY ANN VIAL LEMMON |
| | § | |
| Defendant. | § | MAGISTRATE JOSEPH C. WILKINSON, JR. |

**STIPULATION OF DISMISSAL**

NOW COME Plaintiff Vincent DiLeo, Jr. ("DiLeo") and Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Liberty Mutual Fire Insurance Company ("Liberty Fire") and stipulate as follows:

1.  Until the Fall of 1996, DiLeo owned a 1982 Porsche 928 automobile ("the Porsche").

2.  Liberty Fire issued DiLeo an automobile insurance policy covering the Porsche for the period from January 20, 1996, to January 20, 1997 ("the Policy").

3.  On June 5, 1997, DiLeo reported to Liberty Mutual employees who provide claims services to Liberty Fire policyholders that the Porsche had been stolen in 1996.

1

4. Liberty Mutual employees who provide claims services to Liberty Fire policyholders attempted to recover the Porsche.

5. DiLeo informed a Liberty Mutual employee on or about April 1, 1999, that he wanted to make a claim under the Policy for the value of the Porsche.

6. Liberty Mutual employees who provide claims services to Liberty Fire policyholders contacted DiLeo in April 1999 and offered him a total of $7,841.13 for his claim, reflecting an estimated actual cash value for the Porsche of $8,341.13, minus DiLeo's $500.00 deductible under the Policy.

7. On May 21, 1999, DiLeo's counsel rejected that offer, asserted that the NADA retail value of the Porsche at the time of its loss was $17,355.00, and demanded $17,355.00, less his $500.00 deductible, for the loss of the Porsche.

8. Neither Liberty Mutual nor Liberty Fire tendered any sum to DiLeo for the loss of the Porsche on or before July 21, 1999.

9. On July 29, 1999, DiLeo's counsel commenced an action against Liberty Mutual in the 24th Judicial District Court of Jefferson Parish, Louisiana, ("the Lawsuit").

10. DiLeo's original petition in the Lawsuit alleged, among other things, that Liberty Mutual had breached the terms of the Policy by failing to pay DiLeo the alleged $17,355.00 NADA retail value of the Porsche, less DiLeo's $500.00 deductible, and that Liberty Mutual had also violated La. R.S. 22:658 and La. R.S. 22:1220 by failing to pay DiLeo the undisputed sum of $7,841.13 on or before July 21, 1999.

11. DiLeo's counsel conceded to Liberty Mutual in September of 1999 that the NADA retail value of the Porsche at the time of its loss was $13,700.00 rather than $17,355.00;

12. Liberty Mutual tendered to DiLeo and his counsel on or about November 29, 1999, a check paying DiLeo and his counsel a total of $18,951.04, including the claimed $13,700.00 NADA retail value of the Porsche, less DiLeo's $500.00 deductible, plus a 10% penalty of $1,320.00 under La. R.S. 22:658, attorneys' fees of $2,000.00 under La. R.S. 22:658, $311.04 in legal interest under La. R.S. 22:658, $120.00 in court costs under La. R.S. 22:658, and $2,000.00 as a reimbursement of premiums.

13. DiLeo and his counsel received the $18,951.04 tender on November 30, 1999, and cashed the check on or before December 1, 1999.

14. On December 15, 1999, DiLeo's counsel filed in the Lawsuit a supplemental and amended petition seeking certification of a putative plaintiff class consisting of every person who was "issued a policy of automobile insurance by Liberty Mutual Insurance Company and whose vehicle was deemed a total loss by Liberty Mutual due to theft, accident, or otherwise and who has been compensated [for such loss] pursuant to . . . [a] . . . computerized valuation program" and alleging that "each member of the [putative] class . . . is entitled to receive compensation for the total loss of their [sic] vehicle in an amount pursuant to the pertinent National Automobile Dealers Association Handbook."

15. DiLeo never made any allegations in the Lawsuit on behalf of any class until after he received the $18,951.04 tender on November 30, 1999.

16. Liberty Mutual removed the Lawsuit to the United States District Court for the Eastern District of Louisiana on or about January 11, 2000.

17.     DiLeo's current pleading in the Lawsuit, which is the Second Amended Complaint for Class Certification and for Damages, Statutory Penalties and Attorneys' Fees (filed Jan. 25, 2001) (the "Second Amended Complaint"), requests certification of a putative class including "[a]ny person who was issued or otherwise covered by a policy of automobile insurance in Louisiana by [Liberty Fire] whose vehicle was deemed a "total loss" . . . within ten years of December 15, 1999, and whose vehicle's "actual cash value" was determined . . . by reference to CCC Information Services Group, Inc. or ADP Claims Solutions Group, Inc. and was paid or has been offered an amount for the "total loss" vehicle . . . which was determined by CCC Information Services Group, Inc. or ADP Claims Solutions Group, Inc." and asserts each member of the putative class is entitled to receive compensation for the total loss of his or her vehicle in an amount calculated based on its NADA retail value.

18.     Liberty Mutual and Liberty Fire filed a motion on February 28, 2001 ("the Motion"), seeking to dismiss for lack of a justiciable case or controversy all of the claims alleged in the Second Amended Complaint save and except DiLeo's individual claim for statutory damages under La. R.S. 22:1220 for Liberty Fire's failure to pay the undisputed portion of his total loss claim ($7,841.13) on or before July 21, 1999.

19.     DiLeo and his counsel, having studied the Motion, now concede and stipulate that DiLeo's acceptance of the $18,951.04 tender on November 30, 1999, deprives him of standing to prosecute his claims that each member of the putative class defined in the Second Amended Complaint is entitled to receive compensation for the total loss of his or her vehicle in an amount calculated based on its NADA retail value and that, as a result, all of the claims that DiLeo has asserted on behalf of the putative class of Liberty Fire policyholders defined in the Second Amended

Complaint should be dismissed without prejudice to the reassertion of those claims by other policyholders.

20.    Liberty Mutual and Liberty Fire concede and stipulate that neither DiLeo's acceptance of the $18,951.04 tender on November 30, 1999, nor DiLeo's lack of standing to prosecute the claims he has asserted on behalf of the putative class deprives DiLeo of standing to prosecute either (a) his individual claim under La R.S. 22:1220 for statutory damages and/or penalties for Liberty Fire's failure to pay the undisputed portion of his total loss claim ($7,841.13) on or before July 21, 1999, or (b) his individual claim under La R.S. 22:658 for reasonable attorneys' fees incurred in his prosecution of his individual claim under La R.S. 22:1220.

21.    DiLeo and the Defendants have settled DiLeo's individual claim for statutory damages and/or penalties for Liberty Fire's failure to pay the undisputed portion of his total loss claim on or before July 21, 1999, and DiLeo's individual claim for attorneys' fees incurred in his prosecution of his individual claim for such statutory damages and/or penalties.

_____
W. Shelby McKenzie, No. 10020
David M. Bienvenu, Jr., No. 20700
TAYLOR, PORTER, BROOKS
& PHILLIPS, L.L.P.
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, Louisiana 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049

Judy Y. Barrasso, No. 2814
Meredith A. Cunningham, No. 26465
STONE, PIGMAN, WALTHER
WITTMANN & HUTCHINSON, L.L.P.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Robert C. Walters
Russell Yager
Keefe M. Bernstein
VINSON & ELKINS L.L.P.
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

*Attorneys for Defendants*

_____
Keith P. Richards, Bar No. 22564
RICHARDS LAW FIRM, a P.L.C.
521 Europe Street
Baton Rouge, Louisiana 70802
Telephone: (225) 334-9222
Facsimile: (225) 334-9290

Edward J. Walters, Jr., Bar No. 13214
Steven C. Thompson, Bar No. 14469
MOORE, WALTERS & THOMPSON, a P.L.C.
6513 Perkins Road
Baton Rouge, Louisiana 70808
Telephone: (225) 766-1100
Facsimile: (225) 767-4486

Richard C. Trahant, Bar No. 22653
Law Offices of Richard C. Trahant
808 North Causeway Boulevard
Metairie, Louisiana 70001
Telephone: (504) 831-4357
Facsimile: (504) 833-1329

Wendell H. Gauthier, Bar No. 5984
Scott LaBarre, Bar No. 17659
GAUTHIER, DOWNING, LABARRE,
BEISER & DEAN
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624

David J. Maraldo, Bar No. 24541
DAVID J. MARALDO, a P.L.C.
4051 Veterans Blvd., Suite 208
Metairie, Louisiana 70002
Telephone: (504) 454-2769
Facsimile: (504) 454-3855

*Attorneys for Plaintiff*